IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROY CURTIS ZORNES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-05-0735-HE |
| | ) | |
| JUSTIN JONES, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Doyle W. Argo who issued his Report and Recommendation, recommending that the petition be dismissed as untimely. The matter is currently before the Court on petitioner's objection to the Report and Recommendation.[1]

Having considered the matter de novo, the Court concurs with Judge Argo's conclusion that petitioner's one year limitation period has expired and that no basis exists for statutory or equitable tolling. See, e.g., Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (limitation period not tolled during the pendency of [petitioner's] first federal habeas petition); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling limited to "rare and exceptional circumstances") (internal quotations omitted). Accordingly, the Report

---

[1] *Because petitioner has objected to the Report and Recommendation, the matter is reviewed de novo. 28 U.S.C. § 636(b)(1)(C).*

and Recommendation is **ADOPTED** and the petition for writ of habeas corpus is **DISMISSED** as untimely.

   **IT IS SO ORDERED**.

   Dated this __14__ day of December, 2005.

                                   _____
                                   JOE HEATON
                                   UNITED STATES DISTRICT JUDGE